UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JAMIE GOMMENGINGER,** <br><br> Plaintiff, <br><br> -vs- <br><br> **DELANOR, KEMPER & ASSOCIATES, LLC,** <br><br> Defendant. | *Civil Action No.* _____ |

## COMPLAINT & DEMAND FOR JURY TRIAL

### INTRODUCTION

1. Plaintiff Jamie Gommenginger brings this action for actual damages, statutory damages and punitive damages because of the Defendant's various egregious violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), New York General Business Law §349 and the common law of the State of New York for fraud and defamation, laws that seek to protect consumers from various deceptive business acts and practices.

### JURISDICTION & VENUE

2. This honorable Court possesses jurisdiction over this matter pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3. Plaintiff Gommenginger's claims under New York General Business Law §349 and the common law of the State of New York are predicated upon the same facts and circumstances giving rise to her federal cause of action. As such, this honorable Court possesses supplemental jurisdiction over these claims, pursuant to 28 U.S.C. §1367.

4. Additionally, venue in this district arises pursuant to 28 U.S.C. §1391(b) since the Defendant transacts business here and the conduct complained of occurred here.

1

## PARTIES

5. Plaintiff Jamie Gommenginger is a natural person residing in the County of Wayne, State of New York, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

6. Defendant Delanor, Kemper & Associates, LLC, (hereinafter "DKA") is a corporation organized and existing under the laws of the State of Georgia and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7. Any and all acts of the Defendant hereinafter alleged were performed by Defendant's employees, while under the scope of the Defendant's actual or apparent authority.

## FACTUAL ALLEGATIONS

8. That Plaintiff Jamie Gommenginger incurred and later allegedly defaulted on a payday loan to "Quickest Cash Advance," (hereinafter "QCA"). Said debt will hereinafter be referred to as "the subject debt."

9. The subject debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5), as it allegedly arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

10. That on or about March 31, 2010, Plaintiff Gommenginger received a text message on her cellular telephone from a friend who stated that she had been received numerous telephone calls from a "creditor" who was attempting to reach Plaintiff.

11. That after receiving said text, Plaintiff searched her voicemail and discovered that she had received a message on March 30, 2010 from an unknown caller. Said message failed to identify Defendant's company name, and instead solely identified the caller as "Investigator Jackson." Defendant stated that the call was in reference to a "very serious legal complaint, possibly a criminal complaint being filed against [Plaintiff] in Wayne County." Defendant thereafter declared that his "office" needed a call "as soon as possible," provided Plaintiff with "case number 031449," and purported that the reason for his call was to try to remove Plaintiff's name off of the Defendant's "list" before "the upcoming Court calendar." Plaintiff is in possession of this recorded message.

12. That all of the Defendant's aforementioned representations were false, known by Defendant to be false and made with the intention to frighten and worry Plaintiff Gommenginger.

13. Additionally, upon information and belief, the Defendant's representative is not an investigator as he proclaimed, and his use of this title was believed to be an effort to add to the threat of a civil or criminal complaint against Plaintiff Gommenginger.

14. That at no time during the message described in Paragraph 10 above did Defendant DKA disclose that they were a debt collector attempting to collect a debt, nor did Defendant provide meaningful disclosure of their identity.

15. That immediately after listening to the message, Plaintiff Gommenginger returned Defendant DKA's telephone call.  Defendant answered the telephone as "Investigator Jackson" and again did not provide Plaintiff with any notification that Defendant was a debt collector attempting to collect a debt.  As the telephone conversation ensued, Defendant proclaimed that he could not locate Plaintiff's "file" by using her name, and convinced Plaintiff to thereafter disclose her full Social Security number.  Defendant immediately thereafter declared that he had located Plaintiff's information which showed that a complaint was about to be filed against her.  At that time, Mr. Jackson stated that the complaints stemmed from a payday loan allegedly owed to QCA.  Plaintiff admitted that she had taken out a $250.00 loan with QCA, but stated her belief that she had satisfied the loan almost a full year earlier.

16. That upon information and belief, Defendant DKA's aforementioned conduct was a ploy to obtain Plaintiff Gommenginger's Social Security number, which would enable Defendant to engage in multiple deceptive business practices.

17. That as the conversation described in Paragraph 14 continued, Plaintiff Gommenginger asked Defendant DKA whether the lawsuit would be filed in civil court, to which Defendant merely replied, "We are filing a complaint against you for check fraud." "Investigator Jackson" thereafter informed Plaintiff that she had some options to avoid the complaints being filed, and Plaintiff (who was extremely afraid and worried that she would be prosecuted or otherwise sued) thereafter agreed to gather whatever money should could come up with to pay the balance allegedly owed.  Defendant stated that $835.00 was owed and that Plaintiff must call him as soon as the money was in her bank account so he could make the withdrawal.

18. That after frantically attempting to gather the money needed to pay Defendant DKA in full but realizing that she would not be able to obtain the funds, Plaintiff Gommenginger

called Investigator Jackson again. Plaintiff explained the situation to Defendant and pleaded with him to allow her to make payment arrangements, however she was notified that once "a case" reaches Defendant's office, there were "no option for payment arrangements."

19. That Defendant meant, and Plaintiff understood, all of his references to filing complaints and the filing of cases to mean that Defendant was an attorney's office or that Defendant himself could practice law, despite the fact that this was not true.

20. That after several more minutes of begging, Defendant DKA asked Plaintiff Gommenginger how much should could pay by the end of the day. Plaintiff replied that she could pay $500.00 and was told that he would allow the payment if she agreed to pay a $35.00 service charge. Defendant thereafter stated that the second payment would have to be made as soon as practicable and thereafter gave Plaintiff a deadline of April 14th to make the second payment.

21. That Plaintiff subsequently obtained and deposited $500.00 in her bank account, called Defendant DKA to inform him of the fact that the money was available and provided her bank account information so that the withdrawal could be made.

22. That after the exchanges described above, Plaintiff Gommenginger spoke with her father and was informed that he was very troubled because he received a message on his answering machine from an "Investigator Jackson." Said message indicated that this "investigator" needed to speak with Plaintiff regarding "a very serious legal complaint being filed against [her]." Plaintiff is in possession of this recorded message.

23. That Plaintiff's parents have no legal obligation to pay the alleged debt and therefore Defendant had no right to disclose any information to them regarding the alleged debt. Additionally, since Defendant's statements were false and defamatory of Plaintiff Gommenginger, DKA needlessly and improperly frightened Plaintiff's parents greatly.

24. That at no time during any of the events described above did Defendant provide Plaintiff Gommenginger with a written notice of the alleged subject debt or her rights as a "consumer" as required by 15 U.S.C. §1692g(a).

25. That as a result of Defendant's egregious and otherwise fraudulent conduct, Plaintiff Jamie Gommenginger became extremely upset, worried, anxious, frightened,

embarrassed, suffered from severe emotional distress and incurred out of pocket expenses which she should not have incurred.

### COUNT ONE – FDCPA VIOLATIONS

26. The aforementioned acts and omissions of Defendant DKA have violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.), including, though not limited to, the following:

27. Defendant violated 15 U.S.C. §1692b(1), 15 U.S.C. §1692b(2), 15 U.S.C. §1692b(3) and 15 U.S.C. §1692c(b) by improperly calling Plaintiff's friend and parents and failing to limit the subject of their communications to obtaining or correcting location information.

28. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. 1692d(2) by repeatedly using language the natural consequence of which was to abuse Plaintiff by threatening civil and criminal complaints against Plaintiff, placing a false sense of immediacy and authority on the situation, by using the name "Investigator Jackson," by leading Plaintiff to believe that she had somehow committed check fraud, and by telling Plaintiff that she owed over $800 for a debt that she already paid.

29. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(6) by placing a call to Plaintiff's cellular telephone without providing meaningful disclosure of the Defendant's identity.

30. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2)(A), 15 U.S.C. §1692e(2)(B), 15 U.S.C. §1692e(3), 15 U.S.C. §1692e(4), 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(7), 15 U.S.C. §1692e(8), and 15 U.S.C. §1692e(10) by using a plethora of false, deceptive and/or misleading representations/means in an attempt to collect the subject debt by repeatedly threatening to take criminal and civil legal action against Plaintiff, by misrepresenting Defendant's authority or intent to engage in any of the activity described in the Complaint above, by leading Plaintiff to believe that Defendant was a law firm, law office, investigation firm, by placing a false sense of immediacy on the situation, by informing Plaintiff's parents that she was being pursued for criminal conduct, by misrepresenting in several instances that a lawsuit or case had already been initiated, and by misrepresenting that Plaintiff owed money on the debt.

31. Defendant violated 15 U.S.C. §1692e(11) by repeatedly failing to provide Plaintiff Gommenginger with the disclosure that Defendant was a debt collector attempting to collect a debt and that any information obtained would be used for that purpose.
32. Defendant violated 15 U.S.C. §1692f and 15 U.S.C. §1692f(1) by using unfair or unconscionable means in an attempt to collect the subject debt by leading Plaintiff to believe that she would have criminal or civil complaints filed against her if she did not pay and by collecting on a debt that Plaintiff Gommenginger did not owe.
33. Defendant violated 15 U.S.C. §1692g(a) by failing to provide Plaintiff with a written notice of the subject debt and her rights as a "consumer."
34. That as a result of Defendant's fraudulent and atrocious behavior Plaintiff Jamie Gommenginger became extremely upset, very worried, suffered from emotional distress and has been defrauded of her money.

### COUNT TWO – N.Y. GEN. BUS. LAW VIOLATIONS

35. That the aforementioned acts of Defendant DKA have violated the General Business Law of the State of New York.
36. New York General Business Law §349 prohibits the use of deceptive acts and/or practices when conducting business.
37. Defendant violated New York General Business Law §349 by deceptively obtaining Plaintiff's Social Security number by pretending that Defendant could not locate her file by using her name alone.
38. That as a result of Defendant's conduct, Plaintiff is extremely afraid, anxious and worried that she will be subject to the various forms of identity theft or that Defendant will use her Social Security number to try and collect the disputed subject debt.

### COUNT THREE - COMMON LAW FRAUD

39. The aforementioned acts and omissions of the Defendant constituted common law fraud as set forth by the common law of the State of New York, as follows:
    a. Defendant's various statements that Plaintiff would have civil and criminal complaints filed against her for things like "check fraud" were material representations that directly and specifically affected Plaintiff's decision to borrow and subsequently make a $535.00 payment towards the subject debt before the end of the same day;

    b. Said material representations were clearly false, since Defendant lacked both the intent and authority to file civil and criminal complaints against Plaintiff since the debt was not owed and Defendant is not a law firm/office;

    c. Said material representations were known to be false by Defendant when made, since Defendant is simply a debt collector and not an "Investigator" or lawyer;

    d. Defendant's knowingly false representation clearly acted to deceive Plaintiff Gommenginger who feared that she would be either sued or worse--arrested; and

    e. As a result of Defendant's false representations, Plaintiff borrowed and paid Defendant $535.00 that very same day.

### COUNT FOUR - FRAUDULENT INDUCEMENT OF CONTRACT

40. The aforementioned acts and omissions of the Defendant constituted fraudulent inducement of contract as set forth by the common law of the State of New York, as follows:

    a. Defendant falsely represented that they would file criminal or civil complaints against Plaintiff if payment in full on the debt were not made immediately;

    b. Defendant knowingly misrepresented their intent and/or authority to file said complaints;

    c. Plaintiff justifiably relied on Defendant's representations as she did not possess knowledge of the legal process or Defendant's organizational structure; and

    d. As a result, Plaintiff relied on Defendant's false representations when she issued Defendant her banking account information and authorized the same to take $535.00.

### COUNT FIVE – DEFAMATION

41. The aforementioned statements of Defendant DKA constituted defamation as set forth by the common law of the State of New York, as follows:

    a. Defendant made a false and defamatory statement that Plaintiff was being tracked because of "a very serious legal complaint being filed against [her]";

    b. Defendant made said statement to Plaintiff's parents via their answering machine;

    c. Defendant's statements caused great concern in Plaintiff's parents who in turn confronted her regarding the situation and embarrassed/upset her deeply.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Jamie Gommenginger respectfully requests that this honorable Court enter judgment against Defendant DKA for:

(a) Actual damages pursuant to 15 U.S.C. §1692k(a)(1) and N.Y. Gen. Bus. Law §349(h);

(b) Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A);

(c) Costs and disbursements of this action, together with reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) and N.Y. Gen. Bus. Law §349(h);

(d) Trebling of actual damages up to a maximum of $1,000.00, pursuant to N.Y. Gen. Bus. Law §349(h);

(e) Punitive damages for Defendant's atrocious behavior pursuant to the common law of the State of New York, and

(f) For any and all additional relief as this honorable Court may deem just and proper.

## JURY DEMAND

Please take notice that Plaintiff Jamie Gommenginger demands a trial by jury in this action.

Date: April 9, 2010

/s/ Frank J. Borgese
Frank J. Borgese, Esq.
Graham Law, P.C.
*Attorneys for the Plaintiff*
1207 Delaware Ave., Suite 202
Buffalo, New York 14209
fborgese@grahamlawpc.com
716.200.1520